IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JOHN KEITH SIMMERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 5:11-0268 |
| ) | |
| MAPOTHER & MAPOTHER PSC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On April 21, 2011, Plaintiff, acting *pro se*,[1] filed his Application to Proceed Without Prepayment of Fees and Complaint alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.) and the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.). (Document Nos. 1 and 2.) Plaintiff names the following as defendants: (1) Mapother & Mapother PSC; and (2) Capitol One Bank. (Id., p. 1.) Plaintiff alleges that he requested a credit report from Experian, Equifax and TransUnion on July 14, 2009. (Id., p. 3.) Plaintiff claims that the credit report revealed that Mapother had made a request to Plaintiff's credit report on November 13, 2007. (Id.) The credit report also revealed that Capital One reported "a debt/account that was closed or charged off." (Id.) Plaintiff states he never had any business affiliation with Mapother. (Id.) Plaintiff asserts that on December 5, 2007, he mailed a letter to Mapother disputing the alleged debt and demanding validation. (Id.) On March 26, 2010, Plaintiff mailed a letter to Capital One requesting validation of the debt that Mapother was attempting to collect. (Id.) Plaintiff states that his letter to Capital One

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

was returned as "Not Deliverable as Addressed, Unable to Forward." (Id.) Plaintiff, therefore, sent another letter to Capital One at their Richmond, Virginia address on April 27, 2010. (Id.) On May 10, 2010, Capital One responded that they were "unable to locate an account for John Keith Simmerman." (Id.) On March 22, 2011, Plaintiff disputed the alleged account with Experian, Equifax, and TransUnion. (Id., p. 4.)

First, Plaintiff contends that Defendants Mapother and Capital One violated the Fair Debt Collection Practices Act. (Id., pp. 4 - 7.) Specifically, Plaintiff alleges that Defendants: (1) violated Section 1692g by failing to validate the debt; (2) violated Section 1692c by failing to cease and desist communications after Plaintiff's December 5, 2007 letter; and (3) violated Section 1692e by using false, deceptive or misleading representation in connection with the collection of a debt. (Id.)

Next, Plaintiff claims Defendants Mapother and Capital One violated the Fair Credit Reporting Act. (Id., pp. 8 - 9.) Specifically, Plaintiff alleges that Defendants: (1) violated Section 1681s-2 by failing to "inform the National Credit Reporting Agencies that the alleged account is in dispute and failing to do so for over two years;" (2) violated Section 1681s-2 by failing "to validate the alleged account;" (3) violated Section 1681b by reporting false, misleading, or inaccurate information on Plaintiff's credit reports with Experian, Equifax, and TransUnion without first validating the alleged debt; and (4) violated Section 1681b by reviewing Plaintiff's credit report without proper authority or assignment of the alleged debt. (Id.) Plaintiff, therefore, requests monetary relief. (Id., pp. 7 - 9.)

On January 11, 2012, Plaintiff filed a Motion for Injunctive Relief (Document No. 6.) and a letter-form Motion for a Status Conference (Document No. 5.). In his Motion for Injunctive Relief, Plaintiff "requests this Court to grant my Motion for Injunctive Relief against the Defendant

Mapother & Mapother. The Plaintiff, Simmerman, has this pending lawsuit that involves an unlawful garnishment filed in the lower court." (Document No. 6.) In his Motion for a Status Conference, Plaintiff states as follows:

> This case was filed April 21, 2011, with an application to proceed in forma pauperis. To date, I have not received any response as to the actions taken on the in forma pauperis application. This is causing me high anxiety as there is a pending garnishment at issue.

(Document No. 5.) By Order entered on January 11, 2012, the Court granted Plaintiff's letter-form Motion for a Status Conference. (Document No. 7.)

On the February 14, 2012, the Court held a Status Conference concerning Plaintiff's Application to Proceed Without Prepayment of Fees. (Document Nos. 11 and 12.). Plaintiff appeared *pro se*, and by Joe Balog, an American Sign Language Interpreter. (Id.) During the hearing, the undersigned advised Plaintiff concerning the Court's procedure in handling *pro se* proceedings. (Id.) The Court then informed Plaintiff that it had reviewed his Application and Complaint and would grant his Application to Proceed Without Prepayment of Fees. (Id.) By Order entered the same day, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed Plaintiff to serve the Summonses and Complaint upon Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Document No. 12.)

## ANALYSIS

**A.    Plaintiff's Failure to Prosecute:**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the

inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff. Based upon a review of the docket sheet, Summonses were issued nearly six months ago (Document No. 13), and Plaintiff

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

has not accomplished service of process upon Defendants.[3] Plaintiff, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendants will be prejudiced by dismissal of Plaintiff's Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as a *pro se* litigant. Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

**B.     Plaintiff's Motion for Injunctive Relief:**

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in <u>Hoechst Diafoil Company v. Nan Ya Plastics Corporation</u>, 174 F.3d 411, 422 (4th Cir.

---

[3] Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - - on motion or on its own after notice to the plaintiff - - must dismiss the action without prejudice against that defendant . . . ."

1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.' Granny Goose, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008). Under Winter, the party seeking the preliminary injunction must clearly show that he or she is likely to succeed on the merits. Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011).

As stated above, the undersigned has recommended that Plaintiff's Complaint be dismissed for failure to prosecute. The undersigned, therefore, cannot find that Plaintiff is likely to succeed on the merits. Based on the foregoing, the Court finds that Plaintiff' Motion for Injunctive Relief (Document No. 6.) should be denied.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Injunctive Relief (Document No. 6.), **DISMISS** this case without prejudice for failure to prosecute and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and

72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: August 8, 2012.

R. Clarke VanDervort
United States Magistrate Judge